# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12-cr-072 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| BRITTAN GIBSON (1), | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S
## MOTIONS FOR REDUCTION OF SENTENCE AND
## MOTION FOR RESENTENCING

This criminal case is before the Court on Defendant's motion for reduction of

sentence (Doc. 348) and supplemental memorandum seeking credit for time served in

state custody (Doc. 349), and the Government's response in opposition (Doc. 350).  Also

before the Court is Defendant's related motion for resentencing.  (Doc. 351).

## I.  BACKGROUND

On July 10, 2012, Defendant Brittan Gibson and eight co-defendants were charged

by way of superseding indictment with various drug trafficking and firearms offenses.[1]

(Doc. 35).  Specifically, Defendant was charged with: conspiracy to possess with intent to

distribute one-kilogram or more of heroin, in violation of 21 U.S.C. § 846 (Count 1);

possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C)

(Count 15); possession of a firearm in furtherance of a drug trafficking offense, in

---

[1] The initial Indictment filed on May 24, 2012 was brought solely against Defendant and charged
the same offenses as under the Superseding Indictment absent the conspiracy count.  (Doc. 19).

violation of 18 U.S.C. § 924(c)(1)(A) (Count 16); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*Id.*)

### A. Change of Plea

On December 12, 2013, Defendant appeared before this Court and pled guilty to Counts 15 and 16 of the Superseding Indictment pursuant to a Rule 11(c)(1)(C) plea agreement proposing a sentence of forty-two months as to Count 15 and sixty months as to Count 16, to be served consecutively, for a **total of 102 months imprisonment**. (Docs. 219, 220).[2] At the time of the plea hearing, the plea agreement was summarized on the record, paragraph by paragraph, and the Statement of Facts was read into the record in its entirety, after which Defendant affirmed the accuracy of both the plea agreement and the Statement of Facts, and stated his intent to plead guilty based solely upon the terms of the plea agreement. (Doc. 338 at 14:10-20:10).

The specific terms agreed upon by the parties are set forth in paragraph four of the plea agreement as follows:

> Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Defendant and the USAO agree that the appropriate disposition of this case, is a term of one hundred two (102) months imprisonment [forty-two (42) months as to Count 15 and sixty (60) months as to Count 16 to run consecutive] and $200 in special assessments. The terms of supervised release, any fine or restitution are to be determined by the U.S. Probation Office ("Probation Office").

---

[2] The proposed binding plea agreement also called for payment of the $200 special assessment, as well as supervised release, restitution, and a fine, as recommended by the United States Probation Office. (Doc. 219 at 3).

(Doc. 219 at 3). Notably, nothing in paragraph four or in the remainder of the plea agreement includes or even alludes to any promise or intent for the federal sentence to run concurrent to Defendant's state court sentence. (*See id.* 1-7). Moreover, the plea agreement states unequivocally that, "[e]xcept as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel." (*Id.* at 6) (emphasis added).

Indeed, in summarizing the plea agreement, the Government made a particular point of emphasizing the integration clause. (Doc. 338 at 16:10-15). Specifically, the Prosecutor stated as follows:

> THE GOVERNMENT: Paragraph 10, **perhaps the most important paragraph of the Plea Agreement**, is Mr. Gibson is acknowledging that outside of this Plea Agreement there are no promises, understandings or agreements between him and the government and his counsel and that this agreement only binds our office and no other federal, state or local prosecuting authority.

(*Id.*) (emphasis added). Additionally, the Court also inquired of both defense counsel and Defendant as to whether there were any other agreements outside the written plea agreement:

> THE COURT: Very well. Let me start with you, Mr. Rion. Is every promise, agreement, that you have been able to negotiate with the government on behalf of Mr. Gibson, is it all written down in these six pages?
>
> DEFENSE COUNSEL: Yes, Your Honor.
>
> THE COURT: **There are no other agreements; is that right?**
>
> DEFENSE COUNSEL: **None**.
>
> THE COURT: So if I read these six pages, I know what the agreement is?

DEFENSE COUNSEL: You do.

THE COURT: Same question for you, Mr. Gibson. Is that right, all of the promises that have been made to you, they're all here in these six pages? **There are no other agreements; is that right?**

DEFENDANT: **Yes, sir**.

THE COURT: Okay. Nobody has made you any kind of other promise to make you plead guilty; is that right?

DEFENDANT: No, sir.

…

THE COURT: Okay. So other than what's in this written agreement, has anybody, any officer, any agent of the government, any of the lawyers promised or suggested you're going to receive a lighter sentence or any other form of leniency other than what's stated here if you plead guilty?

DEFENDANT: No, sir.

…

THE COURT: All right.

(*Id.* at 16:24-18:12) (emphasis added).

Having affirmed that the plea agreement was complete and accurate in every respect, Defendant withdrew his prior pleas of 'not guilty' and entered his pleas of 'guilty' to Counts 15 and 16 of the Superseding Indictment, pursuant to the parties' binding plea agreement. (*Id.* at 17:10-20:10). The Court, having engaged in a thorough Rule 11 colloquy, accepted Defendant's guilty pleas as knowingly, voluntarily, and intelligently made and found Defendant guilty as to Counts 15 and 16. (*Id.* at 20:4-21:4). The Court deferred acceptance of the proposed binding plea agreement pending review of the Presentence Investigation Report ("PSR") and set the case for a sentencing hearing. (*Id.* at 21:5-22:12).

Prior to the conclusion of the plea hearing, defense counsel stated his intent to file a written motion for bond. (*Id*. at 22:20-23:10). In making the oral motion, defense counsel stated that, if the Court were to release Defendant on bond pending sentencing, "[o]bviously [Defendant] would be on home detention and this could impact both the government's offer and the Court's acceptance of the Plea Agreement that we have …." (*Id*. at 23:4-6). Defense counsel's statement prompted the Court to once again inquire as to whether there were any agreements or understandings between the parties that had not been memorialized in the plea agreement:

> THE COURT: You can file the motion. … Now that we're conversing, **the prosecutor referenced in presenting the Plea Agreement that [paragraph] 10 was really important, no other agreements. Is there other stuff going on**?
>
> DEFENSE COUNSEL: No.
>
> THE COURT: Okay … Anything further?
>
> DEFENSE COUNSEL: No, Your Honor.

(*Id*. at 23:4-13) (emphasis added).

### B. Sentencing

The case proceeded to sentencing on May 14, 2014. (Doc. 276). Prior to the hearing, the parties filed sentencing memoranda wherein both requested, as to Count 15, that the Court implement the two-point base offense level reduction contemplated under Amendment 782 to the United States Sentencing Guidelines in advance of the amendment's formal adoption.[3] (Docs. 260, 275).

---

[3] Although Amendment 782 had not yet been formally adopted or implemented by Congress or the United States Sentencing Commission, the informal policy of the United States Department of Justice ("DOJ") was to give defendants the benefit of the reduction when applicable, with the

However, regardless of the two-point offense level reduction, the Government stated in its sentencing memorandum that it still sought imposition of the proposed binding sentence of 42 months for Count 15, which sentence the Government believed remained appropriate in light of the 18 U.S.C. § 3553(a) factors and still reflected a significant downward variance, even from the reduced guideline range. (Doc. 260 at 3-6). Accordingly, the Government requested that the Court accept the 11(c)(1)(C) plea agreement and impose a sentence of 42 months on Count 15 and a consecutive sentence of 60 months on Count 16, for a total of 102 months imprisonment, as initially proposed and agreed upon by the parties. (*Id*.)

Conversely, Defendant argued in his sentencing memorandum that the proposed binding sentence of 42 months was negotiated utilizing the higher, pre-amendment guidelines as a starting point. (Doc. 275 at 3). Therefore, Defendant posited that, had the new guidelines been in effect (even informally) at the time of their negotiations, the parties would have ultimately agreed upon a lower binding sentence as to Count 15. (*Id.* at 4). Accordingly, Defendant asked that the Court implement the two-level reduction and, in doing so, also reduce the sentence to be imposed on Count 15 in proportion to the deviation from the guidelines as contemplated by the parties at the time of their negotiations. (*Id*.) More specifically, Defendant argued that the 42 month sentence ultimately agreed upon for Count 15 was intended to reflect a forty percent reduction from the low end of the pre-amendment guideline range of 70-87 months. (*Id*.) Based

_____

understanding that the defendants would not be entitled to further reduction if and when the amendment officially went into effect.

upon the parties' intent to accomplish a forty percent variance, Defendant asked that the Court consider imposing a sentence as to Count 15 that was reflective of the parties' intent, applied to the reduced guideline range of 57-71 months. (*Id.*)

On the day of sentencing, at the parties' request, the Court conferred with counsel in chambers prior to the hearing to discuss the Amendment 782 two-level reduction as applied to the Rule 11(c)(1)(C) plea agreement in the instant case. (Doc. 339 at 2-9). Ultimately, the parties agreed to modify the binding sentence proposed under the plea agreement, such that, upon acceptance of the agreement, the Court would impose a sentence of 35 months (as opposed to 42 months) on Count 15 and would then, as anticipated, impose a sentence of 60 months on Count 16, to run consecutive, for an aggregate sentence of 95 months. (*Id*. at 7:23-9:6, 13:4-14:12). Defendant openly recognized that he would not be entitled to further reduction if and when Amendment 782 officially took effect and formally waived any further reduction based on retroactive application of the amendment. (*Id*. at 7:12-17, 9:11-22, 14:19-15:23).

Following the in-chambers conference, the sentencing hearing proceeded in open court. (*Id*. at 10-22). The Court confirmed that the parties had received and reviewed the PSR, and that neither party had any objection to the PSR, nor to the Court adopting as its own the findings of fact contained therein. (*Id*. at 11:12-24, 12:2-17).[4] The Court heard allocution and, further, granted Defendant's request for a recommendation that he be

---

[4] Defendant initially objected to statements in the PSR that Defendant was a member of the drug enterprise known as the Bottle Poppin' Network ("BPN"). (PSR Add., dated Feb. 26, 2014). Defendant was concerned that being associated with BPN would impact his security designation. (*Id*.) However, at the time of the sentencing hearing, Defendant effectively waived the objection. (Doc. 339 at 12:2-8). Moreover, the objection is not relevant to the issue at bar.

found eligible to participate in the Bureau of Prisons ("BOP") 500-hour Residential Drug Abuse Program. (*Id*. at 16:5-19:4).

In short, with the full agreement and consent of the parties, the binding plea agreement was verbally amended to propose a binding sentence of 35 months imprisonment as to Count 15, and 60 months imprisonment as to Count 16, to be run consecutive, for an aggregate term of 95 months imprisonment. (*Id*. at 13:22-14:12). The Court accepted the Rule 11(c)(1)(C) plea agreement, as amended, and sentenced Defendant accordingly. (*Id*. at 20:3-9; Doc. 277 at 3). No procedural or substantive objections were raised by either party.

## II. STANDARD OF REVIEW

"The Court may **not** modify a term of imprisonment once it has been imposed," except under the following circumstances: (1) upon motion of the Director of the BOP based on extraordinary and compelling reasons, or due to a defendant's low-risk status and advanced age; (2) if expressly permitted by statute or under Fed. R. Crim. P. 35; or (3) if the term of imprisonment was imposed based upon a sentencing range subsequently lowered by the Sentencing Commission, and the Court finds such a reduction appropriate based upon its consideration of the factors set forth under 18 U.S.C § 3553(a) and any applicable policy statements. 18 U.S.C. § 3582(c) (emphasis added).

## III. ANALYSIS

On August 17, 2015, Defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 348). Subsequently, defense counsel contacted chambers to request a status conference, stating that he wished to clarify the alternative

basis upon which Defendant sought reduction of his sentence.  (Not. Order, 10/1/2016).

Rather than schedule a status conference, the Court ordered defense counsel to file <u>an</u>

<u>amended motion</u> and memorandum in support, which the Court specifically instructed

was to set forth the <u>actual</u> relief sought, the basis for the requested relief, and any legal

authority in support of the request.  (*Id*.)  On October 14, 2015, Defendant filed a

supplemental memorandum in support of his motion for reduction of sentence or,

alternatively, for miscellaneous relief.  (Doc. 349).  In reality, the supplemental

memorandum is actually a separate motion seeking a modification of Defendant's

sentence on entirely distinct grounds.  (*Id*.)  Thus, the Court will address the merits of

Defendant's motion for reduction of sentence (Doc. 348) separate from the supplemental

memorandum (Doc. 349).

On March 23, 2016, Defendant filed a motion for resentencing, wherein Defendant

essentially offers the Court a procedural mechanism for granting the relief requested in

his supplemental memorandum.  (Doc. 351).

### A. Defendant's Request for an Additional Two-Point Offense Level Reduction

Defendant first seeks reduction of his sentence pursuant to 18 U.S.C. § 3583(c).

(Doc. 348).  Specifically, Defendant's § 3582 motion seeks a <u>27 month reduction</u> of the

sentence imposed as to Count 15, reducing the sentence to only 8 months.  (*Id*. at 3).[5]

---

[5] Defendant's motion provides no explanation for why or how Defendant arrived at a 27 month reduction.  (Doc. 348).  Defendant later alleges in his supplemental memorandum (Doc. 349) that the 27 months is actually equal to the time Defendant spent in state custody, for which he is now seeking credit.  However, as more thoroughly explained in Section III(B) of this Order, *infra*, the Court is skeptical of the alleged correlation.  Rather, the request for a 27 month reduction

Defendant argues that his **pre-amendment** offense level was 21 and that, as a result, he "was sentenced to serve 95 months of imprisonment … imposed <u>under the sentencing guidelines at that time</u>." (*Id.* at 2) (emphasis added). Defendant alleges that, because his sentence was based upon a guideline computation subsequently amended and applied retroactively, he is entitled to a two-level reduction under 18 U.S.C. § 3582(c)(2). (*Id.*)

As fully stated in Section I(B) of this Order, *supra*, Defendant received the benefit of his two-point reduction at the time of sentencing, based upon the DOJ's policy of applying the reduction in advance of Amendment 782 being formally adopted or implemented. More significantly, however, Defendant acknowledged and agreed at that time that he would not be entitled to, nor would he seek any further reduction if and when the amendment was adopted. Yet Defendant now seeks that exact relief.

Having previously received the benefit of the two-point offense reduction <u>and</u> a resulting modification of his Rule 11(c)(1)(C) binding plea agreement, Defendant is not entitled to any further relief on this basis and therefore his motion for reduction of sentence (Doc. 348) shall be denied.

## B. Defendant's Request for Credit for Time Served on his State Court Sentence

As previously stated, Defendant's supplemental memorandum actually seeks modification of Defendant's sentence on grounds entirely distinct from those set forth in

---

appears more likely to be the result of a mathematical error. Indeed, it would appear that defense counsel reduced Defendant's 35 month sentence by 60% (rather than 40%) of 46 months (*i.e.*, the low-end of the guideline range if Defendant were given an <u>additional</u> two-point reduction, resulting in an offense level of 19). In short, even if Defendant were entitled to a further two-point reduction, based upon the computation established at sentencing, which is reflective of the parties' intent at the time of negotiations, the reduced term of imprisonment would be 28 months.

the motion for reduction of sentence.  Specifically, Defendant seeks "credit for all of the time he served in the Montgomery County jail on this case, including time he was also serving on a state case …."  (Doc. 349 at 2).  Defendant alleges that receiving credit for time served on his state sentence "was a material part of his plea agreement."  (*Id*.)[6] Defendant claims that the 95-months sentence agreed upon in the Rule 11(c)(1)(C) plea agreement "was believed by all parties to include the 27 months that [Defendant] served prior to sentencing."  (*Id*.)

Moreover, Defendant claims that "[t]he negotiating point of the Government, which was accepted and believed by [Defendant], was that he had already served approximately two (2) years of the ultimate sentence."  (*Id*.)  Further, Defendant alleges that the negotiations "were premised on the idea that he had already served several months in custody," and that "[i]t was never contemplated that [Defendant's] jail time credit would not apply to [his federal] sentence."  (*Id*.)

As an initial matter, and as previously noted, *supra*, there is **<u>nothing</u>** in the plea agreement that even remotely supports Defendant's current assertion that receiving credit for time served on his state sentence was a critical and integral point of the parties' plea negotiations.  (*See* Doc. 219).

---

[6] Defense counsel attempts to tie the relief sought in the supplemental memorandum to the motion for reduction of sentence by claiming that because Defendant did not receive credit for the 27 months he allegedly served in state custody, Defendant feels he has not received the benefit of his two-point reduction.  (Doc. 349 at 2).  Notably, a 27 month reduction in the instant case is the equivalent of, <u>at minimum</u>, a **<u>14-point offense level reduction</u>**.  The Court fails to see how Defendant's request for a two-point offense level reduction logically relates to Defendant's request for 27 months credit for time served in state custody.

Additionally, as detailed in Section I(A) of this Order, *supra*, during the Court's thorough Rule 11 colloquy, **Defendant and defense counsel repeatedly assured the Court that there were no agreements, understandings, or promises made to Defendant other than those set forth in the plea agreement**. Frankly, the Court is unpersuaded by Defendant's current allegations. Moreover, the Court considers Defendant to have waived the issue at bar by virtue of his prior, unequivocal assurances to the contrary.

Further, while Defendant alleges that "[i]t was never contemplated that [his] jail time credit would not apply to [his federal] sentence," the issue was actually specifically addressed in three separate paragraphs of the PSR, wherein the Probation Office recommends that this Court impose the federal sentence to run consecutive to Defendant's state court sentence. (PSR ¶ 126; PSR Sent. Rec. at 3 and 4). Notably, Defendant did not object to the PSR in that regard, nor did he even raise the issue in mitigation of sentencing.

Finally, although Defendant fails to specify, the state court sentence for which he seeks credit was imposed in *State of Ohio v. Brittan A. Gibson*, Montgomery County, Ohio Court of Common Pleas, Case No. 2011 CR 4049.[7] Specifically, Defendant's count of conviction in the state case was for failure to comply with the order or signal of a police officer. (PSR ¶ 89). The conduct in that case is detailed in the PSR and involves

---

[7] Notably, Defendant was sentenced in the state court case on October 9, 2012 to a term of **18 months imprisonment**. Term. Entry, *Gibson*, Montgomery C.P. No. 2011 CR 4049 (Oct. 18, 2012). Accordingly, Defendant's state court sentence of 18 months would have already been fully discharged by May 14, 2014 when Defendant was sentenced in the federal case.

Defendant fleeing from police on at least two occasions in November and December 2011. (*Id.*) Significantly, the conduct underlying Defendant's state court conviction is unrelated, and indeed occurred prior to, the conduct underlying Defendant's federal convictions. The Court finds no basis under the relevant statute or the guidelines, nor any justification, that would otherwise move this Court to credit Defendant for the time served on a prior, unrelated state court offense. *See* 18 U.S.C. § 3585(b); USSG § 5G1.3.

In sum, receiving credit for time served on his state sentence was not expressly set forth in Defendant's Rule 11(c)(1)(C) plea agreement. Moreover, Defendant not only failed to raise the issue or to request such credit, he in fact denied repeatedly that there were any other agreements, assurances, promises, or understandings that informed his decision to plead guilty other than those contained in the six pages of the Rule 11(c)(1)(C) plea agreement. The Court accepted Defendant's plea, as well as the proposed binding plea agreement as modified to implement the two-level Amendment 782 reduction and to reflect the intent of the parties. Defendant was sentenced according to the binding plea agreement, which agreement he signed and unequivocally affirmed as complete and accurate.

The Court finds absolutely no statutory basis to revisit the issue of Defendant's sentence in this case. *See* 18 U.S.C. § 3582(c). Additionally, the Court is disinclined to disturb the finality of the imposed sentence and finds no justification under the 18 U.S.C. § 3553(a) factors why giving Defendant a reduction, based upon time he spent in custody for a prior, unrelated state court offense, in any way serves the purposes of sentencing as they relate to the instant federal case.

13

## IV.  CONCLUSION

Based upon the foregoing, Defendant's motion for reduction of sentence (Doc. 348) and supplemental memorandum for reduction of sentence (Doc. 349) are **DENIED.** Further, as the Court finds that Defendant is <u>not</u> entitled to a reduction of his sentence, Defendant's motion for resentencing (Doc. 351) is **DENIED** as moot.

**IT IS SO ORDERED**.

Date:  7/28/16                                    *s/ Timothy S. Black*
                                                 Timothy S. Black
                                                 United States District Judge